ROBERT D. VOGEL (SBN 63091)
JACKSON LEWIS LLP
725 South Figueroa Street, Suite 2500
Los Angeles, CA 90017
Telephone: (213) 689-0404
Facsimile: (213) 0430

REBECCA BENHURI (SBN 209443)
JACKSON LEWIS LLP
199 Fremont Street, 10th Floor
San Francisco, California 94105
Telephone: (415) 394-9400
Facsimile: (415) 394-9401

Attorneys for Defendants LAIDLAW
TRANSIT, INC. (erroneously sued as
"LAIDLAW TRANSPORTATION, INC.")
and JAYME L. STRAHL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL GRISSO,<br><br>Plaintiff,<br><br>v.<br><br>JAYME L. STRAHL, RALPH A. MIRANDA, and LAIDLAW TRANSPORTATION, INC.<br><br>Defendant(s). | Case No. CV 07 5834 WHA<br><br>**DEFENDANT JAYME L. STRAHL'S ANSWER TO COMPLAINT** |

Defendant JAYME L. STRAHL ("STRAHL" or "Defendant"), by and through her attorneys, for herself alone, hereby answers the allegations contained in Plaintiff's Complaint against her as follows:

1.  In response to paragraph 1 of the Complaint, Defendant has no information or belief sufficient to respond to the allegations made in paragraph 1 of the Complaint and, on that basis, denies each and every allegation made therein.

2.  In response to paragraph 2 of the Complaint, Defendant admits STRAHL's and LAIDLAW's addresses as listed. Defendant has no information or belief sufficient to respond to the

1  allegations made in paragraph 2 of the Complaint and, on that basis, denies each and every allegation made therein.

3. In response to paragraph 3 of the Complaint, Defendant denies the allegations made in paragraph 3 of the Complaint.

4. In response to paragraph 4 of the Complaint, Defendant has no information or belief sufficient to respond to the allegations made in paragraph 4 of the Complaint and, on that basis, denies each and every allegation made therein.

5. In response to paragraph 5 of the Complaint, Defendant admits that Defendant LAIDLAW TRANSIT, INC. ("LAIDLAW") does business in Sonoma County.

6. In response to paragraph 6 of the Complaint, Defendant admits that STRAHL is employed and LAIDLAW does business in the area covered by Zip Code 95407.

7. In response to paragraph 7 of the Complaint, Defendant has no information or belief sufficient to respond to the allegations made in paragraph 7 of the Complaint and, on that basis, denies each and every allegation made therein.

8. In response to paragraph 8 of the Complaint, Defendant admits that STRAHL and LAIDLAW are not public entities.

9. In response to paragraph 9 of the Complaint, Defendant has no information or belief sufficient to respond to the allegations made in paragraph 9 of the Complaint and, on that basis, denies each and every allegation made therein.

10. In response to paragraph 10 of the Complaint, Defendant has no information or belief sufficient to respond to the allegations made in paragraph 10 of the Complaint and, on that basis, denies each and every allegation made therein.

11. In response to paragraph 11 of the Complaint, Defendant has no information or belief sufficient to respond to the allegations made in paragraph 11 of the Complaint and, on that basis, denies each and every allegation made therein.

**AFFIRMATIVE DEFENSES**

By way of affirmative defenses to the allegations contained in Plaintiff's Complaint, Defendant alleges as follows:

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Complaint as a whole and each purported cause of action contained therein fails to state facts sufficient to constitute a cause of action upon which relief can be granted against Defendant.

**SECOND AFFIRMATIVE DEFENSE**

On information and belief, Plaintiff's Complaint, and each purported cause of action contained therein, is barred in that the terms of any oral, written or implied employment agreement or contract between Plaintiff's exclusive collective bargaining representative, Teamsters Union Local 624 ("Union"), and LAIDLAW were materially breached and repudiated by Plaintiff himself and Plaintiff is therefore not entitled to relief upon such contract or agreement.

**THIRD AFFIRMATIVE DEFENSE**

On information and belief, Plaintiff's Complaint, and each purported cause of action contained therein, is barred on the ground that, as to each and every contract or agreement alleged therein, Plaintiff has failed to fulfill mandatory conditions precedent to the enforcement of any such agreement or contract.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint, and each purported cause of action contained therein, is barred by the applicable statute of frauds and/or the parol evidence rule.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint, and each purported cause of action contained therein, is barred by California Code of Civil Procedure § 339 to the extent Plaintiff seeks relief for any purported claims for breach of express or implied terms of an oral contract or implied covenant which occurred more than two years before the filing of the Complaint.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claim for loss in earnings and any other employment benefits and costs must be reduced to the extent that Plaintiff failed to exercise reasonable diligence to mitigate his alleged damages.

///

**SEVENTH AFFIRMATIVE DEFENSE**

Any recovery on Plaintiff's Complaint, and each purported cause of action contained therein, is barred to the extent Plaintiff is estopped by his own conduct to claim any right to damages or any relief against Defendant.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendant alleges that Plaintiff's Complaint, and each and every purported cause of action alleged therein, is barred by the doctrine of after-acquired evidence or the doctrine of after-acquired evidence limits and reduces Plaintiff's alleged damages.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint, and each purported cause of action alleged therein, is barred in whole or in part by the doctrine of release, waiver and estoppel.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint, and each purported cause of action alleged therein, is barred in whole or in part by the doctrine of laches.

**ELEVENTH AFFIRMATIVE DEFENSE**

Any and all conduct of which Plaintiff complains and which is attributed to Defendant or her agents was a just and proper exercise of her discretion or her agents and was undertaken for a fair and honest reason regulated by good faith and probable cause under circumstances existing at the time.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent Plaintiff seeks relief for any purported claims for breach of express or implied terms of a contract or agreement on the ground that Defendant was excused from performance of such contract or agreement.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint is barred in whole or in part to the extent it is preempted by Sections 7 and 8 of the National Labor Relations Act and/or Section 301 of the Labor Management Relations Act.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred in whole or in part because Defendant is not a party to the collective bargaining agreement upon which Plaintiff's claim is predicated.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each purported cause of action contained therein, is barred because LAIDLAW did not breach the collective bargaining agreement upon which Plaintiff's claim is predicated.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each purported cause of action contained therein, is barred because Plaintiff does not assert the Union breached the duty of fair representation owed to him concerning the alleged facts and circumstances which give rise to Plaintiff's claim.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each purported cause of action contained therein, is barred because Defendant complied with Plaintiff's expressed written authorization as to the amounts and method and manner in which LAIDLAW deducted his compensation and remitted such to the Union consistent with the collective bargaining agreement.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each purported cause of action contained therein, is barred because STRAHL is not a proper party as to any of Plaintiff's claims.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each purported cause of action contained therein, is barred by the applicable statute of limitations including, but not limited to, the six (6) statutes of limitations contained in Section 10(b) of the National Labor Relations Act.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each purported cause of action contained therein, is barred because Plaintiff failed to exhaust his mandatory contractual remedies prior to commencing this action.

///

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Complaint, and each purported cause of action alleged therein, is barred because Plaintiff failed to exhaust his mandatory internal union remedies prior to commencing this action.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Although Defendants deny that Plaintiff has been damaged in any way, if it is determined that Plaintiff has been damaged, Defendant is informed and believes, and based thereon alleges, the actual cause of such damages was the conduct of Plaintiff or by others for which Defendant was not and is not legally responsible.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Because Plaintiff's Complaint is couched in broad and conclusory terms, Defendant cannot fully anticipate all defenses that may be applicable to it. Accordingly, the right to assert additional defenses, if and to the extent that such defenses are applicable, is hereby reserved.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing by his Complaint;
2. That the Complaint be dismissed in its entirety with prejudice;
3. For cost of suit incurred herein, including reasonable attorney's fees; and,
4. For such other and further relief as the Court deems just and equitable.

Dated: November 21, 2007        JACKSON LEWIS LLP


By:   /s/ Rebecca Benhuri
      Robert D. Vogel
      Rebecca Benhuri
      Attorneys for Defendant
      JAYME L. STRAHL